■    In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in the Counties of Sullivan and Orange, for the Purpose of Providing Additional Water for the City of New York, Appellants. MOLLY LIPMAN et al., Respondents.— Appeal from an order of a Special Term of the Supreme Court, Albany County. Claimants own a parcel of land consisting of 42 acres, about 540 feet of which fronts on Route 17 in Sullivan County. Among other buildings on the property are a bungalow and four overnight cabins. Claimants purchased the premises in 1948 for $19,000. There have been some improvements to the buildings since then. The property does not run to the bank of the Neversink River, but runs near it, separated by a strip of land. The owners have the right of bathing, fishing and boating in the water of the river; but this is subject, however, to the right of a power company which had become the riparian owner of the stream to withdraw " any or all " of the water for power purposes or to flood or overflow the riparian lands. The City of New York has acquired the riparian interest of the power company in the stream and will make use of the water in the river for water supply purposes. A claim for damage has been filed by the claimants as owners of this adjacent parcel and the commissioners of appraisal have allowed $4,250 for such damage. The court at Special Term has confirmed the award and the Board of Water Supply appeals. One argument of the Board on appeal is that since the power company as riparian owner could have taken all of the water at any time for power purposes, the city as successor to the company could withdraw water in any needed quantity without becoming answerable to the claimants. There is, however, enough difference in a use of water for power purposes and for water supply purposes to entitle the claimants to some damage, although the value of the right to use the water is in some measure affected by the superior right of the power company to withdraw water in any desired quantity or to flood or overflow the riparian lands. In view of the fact the award for this merely incidental use of the land of the claimants is nearly a quarter of the price paid for the entire parcel including buildings in 1948 and the incidental use is deemed affected by the rights of the power company in the stream, we regard the award to be excessive. Upon the filing with the clerk of this court, within 20 days of notice of entry of the order herein, a stipulation by claimants reducing the award to $2,500, the order confirming such award as thus reduced is affirmed, with costs to

respondents; upon failure to file such a stipulation, the order is reversed, the report of the commissioners rejected, and the claim remitted to the commissioners or to a new commission, as the court at Special Term may decide, with costs to appellants. Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ., concur.